**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| RANDY STEVENS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:11-cv-00313-MAC |
| AT&T INC., and SOUTHWESTERN BELL TELEPHONE COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS PURSUANT TO THE DOCTRINE OF PRIMARY JURISDICTION**

Defendants AT&T Inc. and Southwestern Bell Telephone Company hereby move to dismiss or stay Plaintiff's claims in their entirety on the ground that the matter should be referred to the Federal Communications Commission ("FCC") under the doctrine of primary jurisdiction. Defendants have separately moved to compel arbitration of Plaintiff's claims to the extent they involve services provided to Plaintiff pursuant to contracts that require arbitration of the parties' disputes. The instant motion is made in the alternative, to the extent that any portion of Plaintiff's claims is not subject to mandatory arbitration.

**Introduction**

Plaintiff Randy Stevens alleges, on behalf of himself and a purported class of persons similarly situated, that Defendants "unilaterally" switched Stevens to electronic, paperless billing, that Defendants failed thereafter to send monthly bills to Stevens for his telephone service, and that Defendants subsequently demanded, and Stevens paid, late payment charges. *See* Complaint ¶¶ 2-3. Stevens seeks a refund of these late payment charges, which he alleges are "unjust and unreasonable." Complaint ¶ 5. In Count 1, Stevens contends that Defendants

1

have violated the prohibition of 47 U.S.C. § 201(b) against "unjust or unreasonable" charges or

practices by telecommunications carriers.  Complaint ¶¶ 39-47.  In Count 2, Stevens alleges that

Defendants have been unjustly enriched by assessing and collecting late payment charges from

Stevens.  Complaint ¶¶ 48-49.

Pursuant to the doctrine of primary jurisdiction, the Court should dismiss or stay both of

Stevens' claims.[1]  As demonstrated below, a claim that a carrier has engaged in an "unjust or

unreasonable" practice or demanded "unjust or unreasonable" charges in violation of 47 U.S.C. §

201(b) is a classic case for the invocation of primary jurisdiction.  "[T]he generality of these

terms . . . opens a rather large area for the free play of agency discretion" (*Bell Atlantic Tel. Co.*

*v. FCC*, 79 F.3d 1195, 1202 (D.C. Cir. 1996)), and the FCC, not the courts, should in the first

instance assess the "reasonableness" of a carrier's challenged electronic billing practices, in light

of the FCC's expertise and its interest in uniform and consistent regulation under section 201(b).

Thus, the Court should dismiss or stay Stevens' section 201(b) claim, pending referral of that

claim to the FCC.

For the same reason, the Court should stay Stevens' unjust enrichment claim.  At the core

of that claim is the same issue that should be addressed by the FCC in the first instance, namely,

whether Defendants' alleged charges or practices are somehow unjust or unreasonable such that

the late payment charges should be refunded.  "[T]here is no doubt that a determination of the

reasonableness . . . of common carrier rules and charges is squarely at the heart of the FCC's

mandate" (*American Tel. & Tel. Co. v. IMR Capital Corp.*, 888 F. Supp. 221, 244 (D. Mass.

---

[1] In urging this motion, Defendants do not waive any of their other defenses, including but not
limited to:  (1) that AT&T Inc. is not a proper party because it is a holding company that
provided no goods or services to Plaintiff of any kind, nor did it bill or collect from Plaintiff any
of the challenged charges, and (2) Southwestern Bell Telephone Company is not a proper party
to the extent Plaintiff's claims relate to services provided by other subsidiaries of AT&T Inc.

1995)), and in accordance with that mandate any judicial assessment of whether Defendants have

been unjustly enriched should await the FCC's determination as to whether the challenged

charges or practices were unjust or unreasonable.

**Argument**

Stevens alleges that "[t]he late payment charges assessed and collected by Defendants

from Plaintiff . . . constitute unfair, unjust, unconscionable and deceptive billing acts and

practices in violation of 47 U.S.C. § 201(b)." Complaint ¶ 46. Section 201(b) of the

Communications Act in turn states that "[a]ll charges, practices, classifications, and regulations

for and in connection with such [wire or radio] communication service, shall be just and

reasonable, and any such charge, practice, classification, or regulation that is unjust or

unreasonable is declared to be unlawful . . . ." 47 U.S.C. § 201(b). Whether Defendants' alleged

billing acts and practices associated with converting customers to paperless billing are "just and

reasonable" is a matter that falls squarely within the expertise of the FCC. Accordingly, the

Court should apply the doctrine of primary jurisdiction and dismiss or stay Stevens' claims

pending referral to the FCC.

The doctrine of primary jurisdiction is intended to "reconcil[e] the functions of

administrative agencies with the judicial function of the courts," by allowing "the agency [to]

pass in the first instance on those issues that are within its competence." *Mississippi Power &

Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 417 (5th Cir. 1976). The doctrine "'comes

into play whenever enforcement of the claim requires the resolution of issues [which, under a

regulatory scheme, have been placed] within the special competence of an administrative body;

in such a case the judicial process is suspended pending referral of such issues to the

administrative body for its views.'" *Penny v. Southwestern Bell Tel. Co.*, 906 F.2d 183, 187 (5th

Cir. 1990) (bracketed text in original) (quoting *Southwestern Bell v. P.U.C.*, 735 S.W.2d 663, 670 n.3 (Tex. App. 1987)).

The Supreme Court has long held that "where the claim of unlawfulness of a [telephone company's] regulation is grounded in lack of reasonableness, the objection must be addressed to the Commission and not as an original matter brought to the court." *Ambassador, Inc. v. United States*, 325 U.S. 317, 324 (1945).  Under the Communications Act, the FCC "has the authority not only to determine the reasonableness of rates and practices, but also to grant relief to those victimized by unreasonable rates and practices." *AT&T Corp. v. PAB, Inc.*, 935 F. Supp. 584, 590 (E.D.Pa. 1996).  As a result, courts routinely apply the primary jurisdiction doctrine to cases alleging a carrier's practices are "unjust or unreasonable" under section 201(b) of the Communications Act.

For example, in *Carter v. American Tel. & Tel. Co.*, 365 F.2d 486, 499-500 & n.25 (5th Cir. 1966), the court affirmed the stay of an antitrust case pending referral to the FCC to determine whether a challenged "practice" of the telephone companies was "just and reasonable."  More recently, the Sixth Circuit applied the doctrine of primary jurisdiction in a case alleging, as Stevens does here, that a carrier had violated section 201(b) of the Communications Act.  *In re Long Distance Telecomm'ns Litigation*, 831 F.2d 627, 631 (6th Cir. 1987).  The court explained:

> The district court was clearly correct in concluding that the claims based on section 201(b) of the Communications Act are within the primary jurisdiction of the FCC.  Section 201(b) speaks in terms of reasonableness, and the very charge of Count 1 is that the defendants engaged in unreasonable practices.  This is a determination that "Congress has placed squarely in the hands of the [FCC]."

*Id.* (quoting *Consolidated Rail Corp. v. National Ass'n of Recycling Inds., Inc.*, 449 U.S. 609, 612 (1981)).

4

In short, the "longstanding case law has dictated that issues of reasonableness are to be determined by federal agencies like the FCC." *Digital Comm'ns Network v. AT&T Wireless Services*, 63 F. Supp. 2d 1194, 1199 (C.D. Cal. 1999).  Thus, where "Plaintiffs have clearly put the issue of 'reasonableness' on the table before the Court," such as by alleging a claim under section 201(b), it is appropriate to refer the matter to the FCC because "'[t]here is no doubt that a determination of the reasonableness or discriminatory nature of common carrier rules and charges is squarely at the heart of the FCC's mandate.'" *Id.* (quoting *IMR Capital*, 888 F. Supp. at 244).  *See also Alves v. Verizon*, 2010 WL 2989988, *4 (D.N.J. July 27, 2010) (referring section 201(b) claim to the FCC, and noting that "[i]ssues involving 'abstract statutory terms such as "reasonable" . . . are particularly well suited for transfer to an administrative agency under the primary jurisdiction doctrine'"); *Demmick v. Cellco Partnership*, 2011 WL 1253733, *6 (D.N.J. March 29, 2011) ("courts have consistently found that reasonableness determinations under § 201(b) lie within the primary jurisdiction of the FCC, because they involve policy considerations within the agency's discretion and particular field of expertise"); *Telstar Res. Group, Inc. v. MCI, Inc.*, 476 F. Supp. 2d 261, 272 (S.D.N.Y. 2007) ("Courts have commonly found that claims alleging 'unreasonable' practices in violation of § 201(b) of the FCA are within the primary jurisdiction of the FCC.").

The Court also should stay Stevens' only other claim – Count 2, alleging "unjust enrichment" – pending referral to the FCC of Stevens' section 201(b) claim.  Whether Defendants have been "unjustly" enriched plainly is interrelated with the question that lies at the heart of the FCC's expertise: whether Defendants' alleged charges and practices are "unjust or unreasonable."  Proceeding to litigate Stevens' unjust enrichment claim would be inconsistent with the purpose of a primary jurisdiction referral, which is to enlist the FCC's expertise in

determining the reasonableness of a carrier's practices, to "secure '[u]niformity and consistency in the regulation of business entrusted to [the FCC],'" and to "promote 'a uniform and expert administration of the regulatory scheme laid down by the Act.'"  *Digital Comm'ns Network*, 63 F. Supp. 2d at 1202 (quoting *AT&T Corp. v. Ameritech Corp.*, 1998 WL 325242 at *2 (N.D. Ill. June 10, 1998)).

Indeed, allowing the case to proceed on Stevens' unjust enrichment claim while the FCC determines whether Defendants' alleged charges or practices are unjust or unreasonable would potentially create an impermissible conflict between federal regulation under section 201(b) and Texas unjust enrichment law.  *See, e.g.*, *Union Tel. Co. v. Qwest Corp.*, 495 F.3d 1187, 1197 (10th Cir. 2007) (holding that equitable relief was unavailable where "allowing [plaintiff] to recover damages under a theory of unjust enrichment or quantum meruit would frustrate the federal regulatory mechanism" under the Communications Act).  As a result, the most appropriate course here is to stay Stevens' unjust enrichment claim.  *See In re Long Distance Telecomm'ns Litig.*, 831 F.2d at 634 ("The district court is free to stay proceedings on the common law claims pending determination by the FCC of the reasonableness of the defendants' [challenged practices]."); *Tekstar Comm'ns, Inc. v. Sprint Comm'n Co.*, 2009 WL 2155930, *3 (D. Minn. July 15, 2009) (holding quantum meruit claim in abeyance pending primary jurisdiction referral to FCC, noting "the potential for contradictory rulings"); *Demmick*, 2011 WL 1253733 at *7 (staying plaintiff's state law claims pending referral of section 201(b) claim to the FCC, noting that "Plaintiffs' state law claims are based on the same underlying conduct as their [Communications Act] claims and may be subject to a preemption defense").

**Conclusion**

For the foregoing reasons, this Court should enter an order dismissing or staying

Plaintiff's federal claim under the section 201(b) of the Communications Act on the ground that

the FCC has primary jurisdiction over that claim, and staying Plaintiff's unjust enrichment claim.

Dated: November 1, 2011                              Respectfully submitted,


                                                     /s/ Michael J. Truncale
                                                     _____
                                                     Michael J. Truncale
                                                     Texas Bar No. 20258125
                                                     Christopher A. McKinney
                                                     Texas Bar No. 24044544
                                                     Orgain, Bell & Tucker, LLP
                                                     470 Orleans St.
                                                     P.O. Box 1741
                                                     Beaumont, Texas 77704
                                                     (409) 838-6412
                                                     (409) 838-6959 - Facsimile

                                                     Theodore A. Livingston (admitted *pro hac vice*)
                                                     Hans J. Germann (admitted *pro hac vice*)
                                                     Mayer Brown LLP
                                                     71 S. Wacker Drive
                                                     Chicago, IL  60606-4637
                                                     (312) 782-0600
                                                     (312) 701-7711 – Facsimile

                                                     Paul A. Drummond
                                                     Texas Bar No. 06138300
                                                     AT&T SERVICES, INC.
                                                     1010 N. St. Mary's St., 14th Fl.
                                                     San Antonio, Texas 78215
                                                     (210) 351-4830
                                                     (210 886-2127 – Facsimile

                                                     *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Michael J. Truncale, hereby certify that on November 1, 2011, I electronically filed the foregoing Motion to Dismiss or Stay Plaintiff's Claims Pursuant to the Doctrine of Primary Jurisdiction by using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.


/s/  Michael J. Truncale