IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| RANDY STEVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC., and SOUTHWESTERN BELL TELEPHONE COMPANY,<br><br>Defendants. | Case No. 1:11-cv-00313-MAC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY RE: MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS PURSUANT TO THE DOCTRINE OF PRIMARY JURISDICTION**

Defendants AT&T Inc. and Southwestern Bell Telephone Company hereby respectfully submit this response to Doc. 28, Plaintiff's surreply regarding Defendants' motion to dismiss or stay Plaintiff's claims pursuant to the doctrine of primary jurisdiction.

In his surreply, Stevens argues for the first time that Defendants have failed to explain "why this case 'involves technical or policy considerations within the [FCC's] particular field of expertise' and/or why the issues are 'particularly within the [FCC's] discretion.'" Doc. 28 at 4 (quoting *National Communications Ass'n v. AT&T Corp.*, 46 F.3d 220, 222 (2d Cir. 1995)). Stevens is wrong. As Defendants have demonstrated, this case involves policy considerations within the FCC's expertise and issues particularly within the FCC's discretion because Stevens is claiming that Defendants' practices are "unreasonable" within the meaning of 47 U.S.C. § 201.

*National Communications Ass'n* itself undermines Stevens' argument. In that case, the Second Circuit concluded that the claims at issue presented no technical or policy issues sufficient to invoke the FCC's primary jurisdiction because the case "does not involve the statutory reasonableness of the tariff or other abstract concepts," but "depends on a rather simple

1

factual question" that "could easily be resolved by a district court." 46 F.3d at 223. The court noted that "primary jurisdiction does not apply to cases involving the enforcement of a tariff, as opposed to a challenge to the reasonableness of a tariff," but "[s]tatutory reasonableness of a tariff should, of course, be reviewed by an agency because it is an 'abstract quality represented by an area rather than a pinpoint.'" *Id.* (quoting *Danna v. Air France*, 463 F.2d 407, 410 (2d Cir. 1972)). Here, Stevens is not attempting to enforce a tariff or contract, nor does his claim involve merely a simple factual dispute, so his reliance on *National Communications Ass'n* is puzzling. Rather, he is challenging the statutory "reasonableness" of Defendants' practices under 47 U.S.C. § 201, which is an abstract quality committed to the FCC's discretion and expertise in the first instance.[1] *See also Federal Trade Comm'n v. Verity Int'l, Ltd.*, 443 F.3d 48, 61 (2d Cir. 2006) (noting the "abstract 'reasonableness' standard of 47 U.S.C. § 201," and that "abstract statutory terms such as 'reasonable'" "invoke[] the FCC's discretion").

Stevens also asserts for the first time that *In re Long Distance Telecommunications Litig.*, 831 F.2d 627 (6th Cir. 1987), is distinguishable because here there is "no danger of inconsistent adjudications,"[2] as Stevens is unaware of any similar pending cases. Doc. 28 at 4. In fact, while the district court in that case found a danger of inconsistent adjudications (*see* 831 F.3d at 630-31), the Sixth Circuit did not base its decision on that ground. Rather, the court affirmed the invocation of primary jurisdiction *solely* on the ground that the plaintiff's Section 201 claim "call[ed] on the district court to determine the reasonableness of the defendants' practices," and

---

[1] In his First Amended Class Action Complaint, Plaintiff specifically seeks a determination of "[W]hether Defendants' unfair, unjust, *unreasonable* and deceptive billing acts and practices violated § 201 of the Federal Communications Act, 47 U.S.C. § 201." Doc. 10 at 7, ¶ 32(i) (emphasis added). See also Doc. 10 at 8-9, ¶¶ 39-47.

[2] Interestingly, Plaintiff states unequivocally that "no danger of inconsistent adjudications" would result should the Court decline to refer this dispute to the FCC, yet Plaintiff seeks to have his lawsuit certified as a class action. One of the prerequisites Plaintiff would need to establish in order to achieve class certification is that there is a risk of "inconsistent or varying adjudications" if the case is not tried as a class action. FRCP 23 (b)(1)(A). The inconsistency in Plaintiff's position is readily apparent.

hence "raised an issue properly referred to the FCC in the first instance." *Id.* at 632. In any event, if courts, rather than the FCC, were in the first instance to apply Section 201's abstract "reasonableness" requirement to carriers' electronic billing practices, that would create a risk of inconsistent standards around the nation. *See Allnet Comm'n Service, Inc. v. National Exchange Carrier Ass'n, Inc.*, 965 F.2d 1118, 1120 (D.C. Cir. 1992) ("The primary jurisdiction doctrine rests both on a concern for uniform outcomes (which may be defeated if disparate courts resolve regulatory issues inconsistently), and on the advantages of allowing an agency to apply its expert judgment" (citations omitted)).

Finally, Stevens' reliance on *Southwestern Bell Tel. Co. v. Fitch*, 643 F. Supp. 2d 902, 912-13 (S.D. Tex. 2009), is misplaced. See Doc. 28 at 4-5. As Judge Atlas noted, the primary jurisdiction "doctrine is commonly applied when the reasonableness of the tariff rate is at issue," but when "the issues before a court can be resolved by 'using the plain language of the tariffs and the ordinary rules of construction,' the court should adjudicate the case without referral." *Id.* at 912. The court rejected defendants' motion for referral, noting that "AT&T Texas' claims to recover the amounts allegedly unpaid by Affordable Telecom are unrelated to rate-setting," and "to the extent Plaintiff's claims implicate the rate charged, they seek only to enforce it." *Id.* at 913.[3]

Again, Stevens does not seek here to enforce any tariff or contract, nor is his claim based on the plain language of any agreement that would bring it within the conventional experience of the courts. Rather, he directly challenges the "reasonableness" of Defendants' practices under Section 201, an issue uniquely within the province of the FCC. As a result, the Court should

---

[3] This is consistent with the FCC's position that "the Commission does not act as a collection agent for carriers with respect to unpaid tariffed charges," but instead expects that claims to recover unpaid charges ordinarily will be filed in state or federal courts. *In re Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP Telephony Services are Exempt form Access Charges*, 19 FCC Rcd. 7457, ¶ 23 n.93 (FCC 2004).

refer all of Stevens' remaining claims (*i.e.*, his claims concerning Defendants' billing practices with respect to his local wireline telephone service, which are all that remain in light of Stevens' withdrawal of his claims related to long distance and Internet services, *see* Doc. 29) to the FCC.

Dated: February 7, 2012            Respectfully submitted,

    /s/ Christopher A. McKinney
    Michael J. Truncale
    Texas Bar No. 20258125
    Christopher A. McKinney
    Texas Bar No. 24044544
    Orgain, Bell & Tucker, LLP
    470 Orleans St.
    P.O. Box 1741
    Beaumont, Texas 77704
    (409) 838-6412
    (409) 838-6959 - Facsimile

    Theodore A. Livingston (admitted *pro hac vice*)
    Hans J. Germann (admitted *pro hac vice*)
    MAYER BROWN LLP
    71 S. Wacker Drive
    Chicago, IL  60606-4637
    (312) 782-0600
    (312) 701-7711 – Facsimile

    Paul A. Drummond
    Texas Bar No. 06138300
    AT&T SERVICES, INC.
    1010 N. St. Mary's St., 14th Fl.
    San Antonio, Texas 78215
    (210) 351-4830
    (210 886-2127 – Facsimile

    *Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

      I, Christopher A. McKinney, hereby certify that on February 9, 2012, I electronically filed the foregoing Response to Plaintiff's Surreply re. Motion to Dismiss or Stay Plaintiff's Claims Pursuant to the Doctrine of Primary Jurisdiction by using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

      /s/  Christopher A. McKinney